UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GARY LEE BALDWIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-1181 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| KURT JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant James Armstrong. The Court will serve the complaint against Defendants Kurt Jones and (unknown) Chandler.

**Discussion**

I.   Factual allegations

Plaintiff Gary Lee Baldwin presently is incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Macomb Correctional Facility, though the actions he complains of occurred while he was housed at the Carson City Correctional Facility ("DRF"). Plaintiff sues DRF Warden Kurt Jones, DRF Assistant Resident Unit Supervisor (unknown) Chandler, and James Armstrong, the third-step grievance responder for the MDOC.

Plaintiff alleges that in March 2005 he went to Defendant Chandler's office to get some papers notarized for filing in a federal civil rights action. Chandler confiscated all copies of Plaintiff's legal work. Plaintiff alleges that the confiscation violated policy and denied him his right of access to the courts. He further alleges that Chandler threatened to have another prisoner injure Plaintiff if Plaintiff continued to complain about his legal materials. Plaintiff complained about Chandler's conduct to Warden Jones, who advised Plaintiff that he did not believe Chandler had threatened Plaintiff. Jones advised Plaintiff to follow Chandler's advice to discontinue his complaints.

According to the allegations of the complaint, after Plaintiff's conversations with Chandler and Jones, housing unit staff began issuing Plaintiff minor misconduct warnings and "trashing" his room. When he complained to the Resident Unit Manager ("RUM"), the RUM advised him, "[y]ou started it with your grievance and complaining against ARUS Chandler and now you'll just have to live with it." Plaintiff vaguely alleges that Defendant Armstrong is liable because he effectively adopted and ratified the other Defendants' actions by denying Plaintiff's third-step grievance.

Plaintiff alleges that Defendants' actions violated his First Amendment right of access to the courts and were taken in retaliation for his exercise of his First Amendment rights to file a grievance and seek access to the courts. He seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Armstrong, other than his claim that Armstrong denied Plaintiff's third-step prison grievance. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that

Defendant Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the claims against Defendant Armstrong fail to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Jones and Chandler.

A Partial Judgment and Order for Partial Service consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 2, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

Defendant Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the claims against Defendant Armstrong fail to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Jones and Chandler.

A Partial Judgment and Order for Partial Service consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 2, 2008  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE