UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GARY LEE BALDWIN,

        Plaintiff,

Case No. 1:07-CV-1181

v.

Hon. Richard Alan Enslen

KURT JONES, *et al.*,

**JUDGMENT**

        Defendants.

_____/

      Defendant Teresa Chandler has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Gary Baldwin has failed to timely respond to the Motion. The Court's Order of July 10, 2008, allowed him additional time (until August 1, 2008) to respond. Nevertheless, no response has been filed. Therefore, the Motion will be adjudicated without a response.

      The sole evidence filed in connection with this Motion is the Affidavit of Teresa Chandler. Her Affidavit provides that on March 29, 2005, Gary Baldwin gave her documents to notarize. She reviewed the papers and concluded that the documents were UCC-lien documents which she then confiscated in accordance with Director's Office Memorandum, DOM-2005-4. (Chandler Aff. ¶ 3-4.) An administrative hearing then occurred before Resident Unit Manager Brian Miller who likewise concluded that the documents should be seized under the policy. (*Id.*)

      Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted

and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Prison administration is a daunting task as recognized by the United States Supreme Court. *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). For this reason, prison regulations, even those impinging on constitutional rights, are valid provided that they are reasonably related to legitimate penological concerns. *Id.* at 91. The concern over inmates using UCC-style documents to slander title, make false claims and harass officials is a legitimate governmental concern. *See* 18 U.S.C. § 1521 (criminalizing the making of false claims and slander of title as to federal officers and officials). This regulation was reasonably related to this valid purpose and Defendant's conduct in seizing papers was valid in light of prison policy. Plaintiff's various constitutional claims fail in light of the valid policy. *See also Hudson v. Caruso*, 1:05-cv-32, slip op., 2007 U.S. Dist. LEXIS 60276 (Aug. 16, 2007) (attached to Def.'s Br. as Ex. D) (rejecting similar claim).

Furthermore, in light of *Turner* and the decision in *Hudson*, it cannot be said that the seizure of such papers was in violation of any clearly established constitutional right. As such, Defendant is also entitled to qualified immunity with respect to Plaintiff's claims. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For these and the other reasons argued in Defendant's Motion for Summary Judgment, the Motion is granted.

For the reasons given here, th Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Teresa Chandler's Motion for Summary Judgment (Dkt. No. 15) is **GRANTED** and all claims against her are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 15, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |